Judge Mills
delivered the Opinion of the Court.
The first question presented is, can a plaintiff in a warrant issued by a justice of the peace, after an appeal to the circuit court is prayed thereon, file a declaration and thereby introduce a cause of action not cognizable before the justice of the peace? This must be answered in the negative. If the contrary is the rule, all cases may be brought by warrant, and on appeal, the filing of a declaration will convert the cause of action into a new one. It is admitted that a plaintiff in a warrant may file a declaration, after an appeal, and the parties make up issue, to which they will be confined; but in doing so, the cause of action must be such as the justice might in the first instance have adjudicated upon with propriety.
It is not within the intention of the legislature, while extending the jurisdiction of justices of the peace, to introduce a new mode of bringing causes into court, of which they had granted no jurisdiction; and to permit it to be done, would tolerate an abuse, and not a proper use of the law. The plaintiff here having introduced for adjudication, the price of a tract of land bought by the defendant in the warrant, the greater part whereof was to he paid in different commodities and sums far beyond the powers of a justice of the peace, and the filing of the declaration being objected to, the court ought to have rejected it.
The judgment must be reversed, with costs, and the cause be remanded, with directions to reject the declaration, and for such proceedings as may not be inconsistent with this opinion.